**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MARCUS WASHINGTON**, <br><br> Plaintiff, <br><br> v. <br><br> **LOANDEPOT.COM, LLC**, *et al.*, <br><br> Defendants. | Case No. 25-cv-725 (CRC) |

## <u>MEMORANDUM OPINION</u>

Plaintiff Marcus-Jerome Washington, proceeding *pro se*, brings this suit against

Defendants LoanDepot.com, LLC ("LoanDepot"), Specialized Loan Servicing LLC, NewRez

LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint"), and Federal Home Loan Mortgage

Corporation as Trustee for Freddie Mac Multiclass Certificates, Series 5125 Trust ("Freddie

Mac").  Invoking the Court's diversity jurisdiction, Compl. ¶ 5, Johnson seeks to quiet title to

real property located in the District of Columbia.  More specifically, Washington asks the Court

to "extinguish adverse claims asserted" on the property by the defendants, on the ground the

transfer of the Deed of Trust on the property in the secondary mortgage market was invalid.  Id. ¶

2, *passim*.

This ruling addresses two motions: Washington's Motion for Default Judgment against

Freddie Mac, which the Court previously denied in a minute order but will still discuss here, and

Shellpoint's Motion to Dismiss.[1]  As to the former, the proof of service that Washington has

filed on the docket does not establish that he properly served Freddie Mac, despite the Clerk of

---

[1] According to Shellpoint, Specialized Loan Servicing is now part of Shellpoint following a de facto merger.  See Shellpoint's Mot. to Dismiss at 1 n.1.  The Court will therefore refer only to Shellpoint moving forward.

Court's April 3, 2025, entry indicating that he did.  See Return of Service (ECF No. 6).  The Court therefore reiterates its denial of the Motion for Default Judgment but will provide Washington an additional thirty days to effectuate service on Freddie Mac.  As to the latter, even assuming the Court has diversity jurisdiction over the case,[2] Washington lacks standing to challenge an assignment of interest to which he was not a party (or to challenge a hypothetical future foreclosure on his mortgage).  The Court will therefore grant Shellpoint's motion to dismiss and will *sua sponte* dismiss Washington's claim against LoanDepot on that same basis.

## I.   Background

According to the complaint, in May 2021, Mr. Washington purchased property in Washington, D.C. with funds from a residential mortgage loan from LoanDepot.  Compl. ¶¶ 8, 17.  To secure the loan, Washington signed a Note and a Deed of Trust, which identifies Mortgage Electronic Registration Systems ("MERS") as the nominee for LoanDepot.  See Shellpoint's Mot. to Dismiss, Ex. A ("Deed of Trust") at 1.[3]  The express terms of the Deed provide that the Note and Deed of Trust could be sold without notice to Washington.  Id. at 11 ("The Note or a partial interest in the note (together with this [Deed of Trust]) can be sold one or more times without prior notice to [Washington].  A sale might result in a change in the entity . . . that collects Periodic Payments due under the Note.").  In February 2025, MERS assigned the

---

[2] While Freddie Mac is a corporation headquartered in Virginia, see Freddie Mac, USA.gov, https://www.usa.gov/agencies/freddie-mac, the complaint refers to the other defendants as limited liability companies (LLCs).  For diversity purposes, an LLC's citizenship is determined by the citizenship of each of its members.  Thus, if the other defendants are in fact LLCs, and one of them has a DC-based member, the Court would lack diversity jurisdiction.

[3] Washington refers repeatedly to these documents in his complaint.  When deciding a motion to dismiss, the Court may "consider documents upon which the plaintiff's complaint necessarily relies even if the document is not produced by the plaintiff in the complaint but by the defendant in a motion to dismiss."  Leake v. Prensky, 798 F. Supp. 2d 254, 255 (D.D.C. 2011) (cleaned up).

Deed of Trust to Shellpoint.  See Shellpoint's Mot. to Dismiss, Ex. B ("Assignment").

Washington subsequently filed this complaint to quiet title.  Compl. ¶¶ 2, 10.  Washington

appears to challenge an allegedly impermissible assignment of his Deed of Trust and expresses

concern about the possibility of future foreclosure.  Id.  ¶¶ 21, 27, 29 (concerning the transfer);

id. ¶¶ 55 (concerning the possibility of future foreclosure).

Shellpoint moved to dismiss for lack of subject matter jurisdiction and failure to state a

claim.  That motion is fully briefed.  Separately, Washington moved for default judgment against

Freddie Mac.  The Court previously denied that motion in an April 16, 2025, minute order but

will elaborate further here.

## II.   Standard for Reviewing *Pro Se* Filings

A court must "construe *pro se* filings liberally," Richardson v. United States, 193 F.3d

545, 548 (D.C. Cir. 1999).  Thus, a "pro se complaint is held to a less stringent standard than

formal pleadings drafted by lawyers and [] a complaint may not be dismissed as frivolous if any

of the legal points (are) arguable on their merits."  Redwood v. Council of D.C., 679 F.2d 931,

933 (D.C. Cir. 1982) (citations omitted).  However,  a *pro se* litigant "cannot generally be

permitted to shift the burden of litigating his case to the courts, nor to avoid the risks of failure

that attend his decision to forego expert assistance." Dozier v. Ford Motor Co., 702 F.2d 1189,

1194 (D.C. Cir. 1983) (Scalia, J.).  And the less stringent standard applied to *pro se* plaintiffs

does not "constitute a license for a plaintiff filing pro se to ignore the Federal Rules of Civil

Procedure." Moore v. Agency for Int'l Dev., 994 F.2d 874, 876 (D.C. Cir. 1993).

## III.  Analysis

### A.  Motion for Default Judgment

The Court begins with Washington's Motion for Default Judgment against Freddie Mac.

Federal Rule of Civil Procedure 55(b)(2) allows for parties to "apply" to the Court for a default judgment when an opposing party has failed to plead or otherwise defend itself. But to obtain a judgment, a plaintiff must have "properly served his summons and complaint" on a defendant. See Liu v. Sec'y of Dep't of Health & Hum. Servs., No. 21-cv-495 (RDM), 2021 WL 12258020, at *1 (D.D.C. June 28, 2021).

To properly serve a corporation under Federal Rule of Civil Procedure 4, a plaintiff must have a non-party older than eighteen years old serve the summons and complaint. See Fed. R. Civ. P. 4(c)(2). The service package can be delivered to an officer of the corporation, or an agent authorized to receive service. Fed. R. Civ. P. 4(h)(1)(b). Alternatively, service can be effected in compliance with the relevant state law, which in this case is that of the District of Columbia. Fed. R. Civ. P. 4(h)(1)(A) (referring to Rule 4(e)(1)). District of Columbia law permits service of process via registered mail, with return receipt requested. See D.C. Sup. Ct. R. Civ. P. 4(c)(4). Proof of service must be filed with the court. See Fed. R. Civ. P. 4(l)(1).

Washington has purported to file proof of service, but the materials he provides do not demonstrate that he has properly effectuated service of the summons and complaint on Freddie Mac. He offers two documents that pertain to Freddie Mac. The first is a rejection of a service attempt from the service agent CSC, which indicates that service could not be accepted on behalf of Fredie Mac. Proof of Service (ECF No. 4) at 5. The second document is a United States Postal Service tracking page, which indicates that a package was delivered to an unspecified location in Richmond, Virginia on March 14, 2025. Id. at 12. There is no information on that page that indicates Freddie Mac was the recipient of the package, and no return receipt from Freddie Mac is included in Washington's filing. Id. Further, as best the Court can tell,

4

Washington tried to effect service himself, rather than by having a non-party do so as Federal Rule of Civil Procedure 4(c)(2) requires.

The Court will provide Washington an additional thirty days to serve Freddie Mac, as there is good cause for his delay in serving Freddie Mac considering the Clerk of Court's (erroneous) indication on the docket that he had properly effected service. See Fed. R. Civ. P. 4(m) (requiring Courts to extend the ninety-day window for effecting service when a plaintiff shows "good cause for the failure" to serve a defendant within the time allowed). To do so, Washington will need to have a third party (i.e., not him) serve a registered agent of Freddie Mac or serve the corporation via mail with return service requested. He will then need to provide adequate proof of service to the Court.[4]

B. Motion to Dismiss

The Court turns now to Shellpoint's Motion to Dismiss. Because Shellpoint's arguments apply with equal force to LoanDepot, the Court will *sua sponte* also consider Washington's claims against LoanDepot, which has not appeared despite having apparently received service. See ECF No. 4 at 22 (showing LoanDepot's return service signed by an agent).

Article III "standing is a threshold jurisdictional question." Holistic Candlers & Consumers Ass'n. v. FDA, 664 F.3d 940, 943 (D.C. Cir. 2012) (citation omitted). A plaintiff bears the burden of demonstrating he has standing to pursue their claims. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). If a plaintiff lacks standing, there is "no case" or "controversy," and the Court lacks jurisdiction to consider the claims. TransUnion LLC v. Ramirez, 594 U.S. 413, 423 (2021). The Court may

---

[4] As Washington considers whether to press forward, he should know that the Court is hard pressed to discern any valid claims against Freddie Mac in the current complaint.

5

consider standing *sua sponte*.  See Dorsey v. District of Columbia, 747 F. Supp. 2d 22, 27 (D.D.C. 2010) (dismissing *sua sponte* a *pro se* complaint against defendants who had not moved to dismiss when plaintiff lacked standing), aff'd Dorsey v. Gov't of D.C., No. 10-7172, 2011 WL 1766035 (D.C. Cir. Apr. 12, 2011).

The Court's best reading of the complaint is that Washington challenges the assignment of the Deed of Trust from MERS (which LoanDepot originally designated its nominee) to Shellpoint.  But Courts in this district are clear: a third party lacks standing to sue for claims related to the assignment of a Note or Deed of Trust, even if it pertains to his mortgage.  Jessup v. Progressive Funding, 35 F. Supp. 3d 25, 35 (D.D.C. 2014) (Jackson, J.) ("[Plaintiff] has not pled facts showing that she is either a party to, or an intended beneficiary of, the assignment agreement.  Accordingly, [she] has not established that she has standing to challenge the validity of any assignment of the Note and Deed." (collecting cases)); see also Rivera v. Rosenberg & Assocs., LLC, 142 F. Supp. 3d 149, 156 (D.D.C. 2015) (holding that lack of standing "makes good sense" in circumstances like these because "the assignment does not affect [litigant's] rights or obligations at all" (cleaned up)); Taylor v. Wells Fargo Bank, N.A., 85 F. Supp. 3d 63, 71 (D.D.C. 2015).  Washington does not allege that he is either a party to, or an intended beneficiary of, the assignment of the Note and Deed of Trust.  See, e.g., Compl. ¶¶ 20–24, 60–61.  And despite Washington's contentions to the contrary, see Pl.'s Opp'n at 3, an alleged defect in the assignment does not alter this analysis, see Rivera, 142 F. Supp. 3d at 156 (noting that the validity of assignment is irrelevant).

The authorities that Washington cites to support his standing arguments are unavailing. See Pl.'s Opp'n at 2.  The first deals with the particularities of Massachusetts law and the way in which it creates standing after an actual foreclosure.  See Culhane v. Aurora Loan Servs., 708

F.3d 282, 290 (1st Cir. 2013).  The second does not address Article III standing.  See Glaski v. Bank of Am., 218 Cal. App. 4th 1079, 1094–95 (2013) (discussing California's standing rules for a third party's ability to challenge an assignment).

It may also be that Washington is challenging a potential foreclosure on his mortgage. Even if that were the case, he still lacks standing.  "A threatened foreclosure, as opposed to an actual, realized foreclosure, cannot create the injury-in-fact required to generate constitutional standing."  Rivera, 142 F. Supp. 3d at 157.  And Washington's concern here is prospective.  See Compl. ¶¶ 55 ("[Defendants have] caused Plaintiffs significant financial harm, including increased legal costs to . . . defend against *potential* foreclosure actions." (emphasis added)), 56 ("Plaintiff has suffered emotional distress due to the uncertainty surrounding his ownership rights and *threats* of foreclosure." (emphasis added)).  Thus, to the extent Washington seeks to challenge Shellpoint's ability to foreclose on his property, he cannot do so here.

## IV.  Conclusion

For the foregoing reasons, the Court will grant Shellpoint's Motion to Dismiss and dismiss the case as to LoanDepot.  A separate Order shall accompany this Memorandum Opinion.

CHRISTOPHER R. COOPER
United States District Judge

Date: March 17, 2026

7